UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY KING,

    Plaintiff,

v.                                                                           Case No.  2:07-cv-84
                                                                           HON.  R. ALLAN EDGAR

DENISE GERTH,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Timothy King filed this prisoner 42 U.S.C. § 1983 action against defendant Denise Gerth for violating his constitutional rights when she opened and inspected his outgoing legal mail.  On February 9, 2007, plaintiff submitted a legal sized envelope to defendant Gerth with a disbursement authorization form.  The letter was addressed to attorney Michael Steinberg of the American Civil Liberties Union.  Defendant Gerth opened and inspected the mail.  The mail consisted of a letter from plaintiff, a letter from prisoner Leon Percival, and a copy of a class action complaint filed in the Eastern District of Michigan.  Plaintiff alleges that defendant Gerth informed plaintiff that she could open his outgoing legal mail because plaintiff was indigent.  Plaintiff alleges that he had already received approval for a postage loan and was just seeking to use his allotment of postage stamps.  Defendant wrote plaintiff a major misconduct for forgery.  Plaintiff is not challenging the misconduct in this complaint.  Defendant Gerth returned only plaintiff's letter.  She kept the copy of the complaint and prisoner Percival's letter.  Plaintiff argues that he was entitled to a hearing prior to the denial of sending out his legal mail.  Plaintiff argues that there existed no valid basis for defendant Gerth to open his outgoing legal mail.  Plaintiff has asserted violations of

his First Amendment and Fourteenth Amendment rights. Plaintiff moves for monetary damages and declaratory and injunctive relief.

Defendant has filed a motion for summary judgment asserting that she is entitled to qualified immunity for liability from damages. Defendant has not addressed plaintiff's claims for declaratory and injunctive relief. Defendant has argued that assuming that she violated plaintiff's constitutional rights by opening his outgoing legal mail, plaintiff has not shown a violation of his clearly established constitutional rights or that defendant acted objectively unreasonable.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue

of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

The Sixth Circuit has observed:

> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus qualified immunity is not triggered only where the very action in question was previously held unlawful. *Anderson*, 483 U.S. at 639-40. Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights. *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983. Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty. *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten). *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Turner*, 119 F.3d at 429. These are both purely legal questions. The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights. *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991).

Defendant has not submitted an affidavit or explained why she inspected plaintiff's outgoing legal mail. Defendant has submitted copies of Policy Directives. Defendant argues that in accordance with the Policy Directives, unauthorized personal property is contraband, prisoners are not to possess other prisoner's legal materials, and prisoners cannot send mail containing contraband. Defendant has not explained why these polices are relevant or why two letters and a

copy of a complaint filed in a pending action would be considered contraband. More importantly, defendant has failed to explain why outgoing legal mail needed to be inspected. The court cannot leap to the conclusion that the inspection was necessary and legal because the argument in defendant's motion for summary judgment states that an inspection occurred. Motions for summary judgment need factual support to sustain the burden necessary to show a lack of a genuine issue of fact. Defendant's motion for summary judgment is devoid of any factual support. For purposes of this motion, defendant is accepting plaintiff's allegation that his constitutional rights were violated by her action. A prisoner has a First Amendment right to send mail. *Hudson v. Palmer*, 468 U.S. 517, 547, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). A restriction on this right is valid "only if it is reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Interfering with a prisoner's right to send mail simply because the letter contains legal information bears no relation to a legitimate penological interest. *Antonelli v. Sheahan,* 81 F.3d 1422, 1431-32 (7th Cir.1996) (finding allegations that prison official opened and intentionally delayed delivery of legal mail sufficient to state First Amendment claim); *Turner*, 482 U.S. at 89, 107 S.Ct. 2254 ("Moreover, the governmental objective must be a legitimate and neutral one. We have found it important to inquire whether prison regulations restricting inmates' First Amendment rights operated in a neutral fashion, without regard to the content of the expression."). Defendant has not set forth a legitimate penological reason to justify her decision to inspect plaintiff's outgoing legal mail. Based upon the complete failure to support this motion, in the opinion of the undersigned, the court cannot conclude that defendant acted in a reasonable manner or did not violate clearly established First Amendment or Fourteenth Amendment law concerning outgoing legal mail.

Accordingly, it is recommended that defendant's Motion for Summary Judgment (Docket #13) be denied. It is further recommended that plaintiff's motion for an extension of time to file a reply (Docket #20) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: February 19, 2008