UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY KING,

    Plaintiff,

v.                                                Case No. 2:07-cv-84
                                                 HON. R. ALLAN EDGAR

DENISE GERTH,

    Defendant.

_____ /\_\_


**MEMORANDUM OPINION**


This case came before the Court for a non-jury trial on October 22, 2008.

**I.**     **Findings of Fact**

The Court makes the following findings of fact by a preponderance of the evidence. Plaintiff Timothy King, a prisoner in the custody of the Michigan Department of Corrections (MDOC), is imprisoned at the Alger Maximum Correctional Facility (AMCF). Defendant Denise Gerth is employed by MDOC as an assistant resident unit supervisor at AMCF.

This suit is brought against defendant Gerth in her individual capacity under 42 U.S.C. § 1983 demanding compensatory and punitive damages, injunctive relief, and a declaratory judgment. Plaintiff King claims that defendant Gerth violated the plaintiff's right protected under the First Amendment to the United States Constitution to send legal mail

1

out of AMCF. This is alleged to have occurred on February 9, 2007, while the plaintiff was a prisoner at AMCF and in administrative segregation status.

Plaintiff wanted to mail an envelope, and he submitted it, unsealed, to the defendant for that purpose. The envelope was addressed to attorney Michael Steinberg of the American Civil Liberties Union. The envelope contained two items: (1) a letter written by prisoner Leon Percival; and (2) a copy of a class action civil complaint filed in the United States District Court for the Eastern District of Michigan.

Plaintiff King contends the envelope was sealed and that defendant Gerth opened a sealed envelope. Plaintiff further contends that the envelope also contained a letter written by him which constituted his legal mail. Plaintiff alleges that defendant Gerth returned his letter to him and did not confiscate the plaintiff's letter. On the other hand, defendant Gerth testified that the envelope was not sealed and it did not contain a letter written by plaintiff King.

After hearing the testimony at trial and observing the demeanor of the witnesses, the Court finds that the plaintiff's testimony on these issues is not credible. The testimony of defendant Gerth is credible and supported by the evidence in the record. It is especially significant the plaintiff King has never produced the letter that he claims to have written and placed in the envelope. This alleged letter presumably would currently be in the plaintiff's possession since the plaintiff says the defendant returned the plaintiff's letter to him and it was not confiscated. The Court finds that the envelope was not sealed when the plaintiff submitted it for mailing and that defendant Gerth did not open a sealed envelope. Moreover, the envelope did not contain a letter written by plaintiff King or any other legal mail belonging to the plaintiff.

After opening and inspecting the contents of the unsealed envelope, the defendant confiscated and did not return the contents to the plaintiff. The envelope contained only legal materials from prisoner Leon Percival. Because MDOC policy directives prohibit one prisoner from possessing another prisoner's legal documents without an existing legal assistance agreement in place, the defendant did not mail the envelope.

Defendant issued a major misconduct charge to the plaintiff for forgery, i.e. plaintiff attempted to use his indigent "loaned" postage to mail out legal documents belonging to another prisoner. Plaintiff was ultimately found guilty on the misconduct charge pursuant to the MDOC administrative process, and the plaintiff in the instant lawsuit does not challenge the validity of the misconduct charge and penalty.

Based on the facts and circumstances established by the evidence presented at trial, the Court finds that it was objectively reasonable for the defendant to open and inspect the plaintiff's outgoing unsealed envelope in the plaintiff's presence. Defendant correctly followed and complied with the applicable MDOC policy directives and regulations.

MDOC Policy Directive 04.07.112(EE) provides that any personal property not specifically authorized is contraband. MDOC Policy Directive 04.07.112(M) provides that prisoners are permitted to possess another prisoner's legal materials only if there is a valid agreement for legal assistance between them. There is no proof that there existed a valid agreement for legal assistance between plaintiff King and prisoner Leon Percival that would have permitted plaintiff King to possess and mail Leon Percival's legal materials as required by MDOC Policy Directive 04.07.112(M). MDOC Policy Directive 05.03.118(D)(4) prohibits the sending of prisoner mail that contains contraband. The legal materials and

documents belonging to prisoner Leon Percival were contraband because plaintiff King did not have a right to possess them under MDOC regulations.

A prisoner who has indigent status and lacks sufficient funds in his individual prisoner account to purchase postage may under MDOC regulations be loaned money to obtain postage for his legal mail. But an indigent prisoner may be required to present the outgoing mail for inspection by MDOC staff to verify that it is in fact the prisoner's legal mail and thus qualifies for the loaned postage. MDOC policy directives 04.02.120(G) and 05.03.118(L). MDOC policy directive 05.03.118(L) provides that a prisoner requesting a postage loan to send his legal mail may be required to present the legal mail unsealed to MDOC staff for the purpose of verifying that it qualifies for the loan. In sum, defendant Gerth was authorized by MDOC policy directives 04.02.120(G) and 05.03.118(L) to open and inspect the unsealed envelope submitted for mailing by plaintiff King to verify that the contents were legal mail belonging to the plaintiff that qualified for the postage loan.

Plaintiff contends that defendant Gerth cannot rely on these MDOC policy directives to justify her conduct. Plaintiff asserts that prior to the incident, he had already attained indigent status and had been approved for a postage loan. At the point in time when the defendant opened and inspected the envelope, plaintiff King was not in the process of seeking or requesting a loan for postage for legal mail. Rather, he was using the allotment for loaned postage that had previously been approved.

This contention by the plaintiff fails. It is immaterial whether plaintiff King had been given indigent status and approved for a postage loan prior to his submitting the envelope to defendant Gerth for mailing. Under MDOC policy directives, whenever the plaintiff got ready to mail his envelope, he was required to have the envelope open and unsealed for

inspection by MDOC staff to make certain that it contained only the plaintiff's legal mail that qualified for the postage loan.

## II.   Analysis

The gist of the plaintiff's First Amendment claim is that defendant Gerth did not have good reason or cause to open and inspect the outgoing legal mail. It is claimed that the defendant acted pursuant to an unlawful custom or practice within the prison of opening and inspecting outgoing prisoner mail based on nothing more than a mere suspicion that the mail might contain contraband or constitute a violation of MDOC regulations.

### A.   Standard Of Review:  Regulation Of Outgoing Prisoner Mail

Under the First Amendment to the United States Constitution, prison inmates have a right of access to the courts and a right to freedom of expression which includes the right to send and receive mail. This right must be balanced against the authority of prison officials to reasonably regulate and inspect a prisoner's mail for security purposes and to seize contraband. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Turner v. Safley*, 428 U.S. 78, 89 (1987); *Wolff v. McDonnell*, 418 U.S. 538, 575-77 (1974); *Procunier v Martinez*, 416 U.S. 396, 412-13 (1974); *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

The federal courts accord substantial deference to prison administrators to regulate prisoner mail where necessary to preserve important penological interests. *Thornburgh*, 490 U.S. at 407-08; *Procunier*, 416 U.S. at 404-05; *Harbin-Bey*, 420 F.3d at 578. The First Amendment right of prisoners to send and receive mail "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh*, 490 U.S. at 407 (quoting *Turner*, 482 U.S. at 85). The Supreme Court explains that it is

sensitive to the delicate balance that prison administrators must strike between maintaining order and security inside the prison environment, and the legitimate demands of those outside the prison who seek to communicate with prisoners. It is essential that prisoners have access to lawyers outside the prison system. *Id*.; *Procunier*, 416 U.S. 396.

Outgoing prisoner mail may be regulated, inspected, and censored by prison officials in accordance with regulations or practices that: (1) further an important or substantial governmental interest unrelated to the suppression of expression; and (2) extend no further than necessary or essential to the protection of the particular governmental interest involved. *Thornburgh*, 490 U.S. at 413; *Procunier*, 416 U.S. at 412-13; *Martucci v. Johnson*, 944 F.2d 291, 295-96 (6th Cir. 1991); *Bradford v. Gerth*, 2008 WL 724132, * 3 (W.D. Mich. March 17, 2008); *Huff v. Rutter*, 2006 WL 2039983, * 3 (W.D. Mich. July 19, 2006). For example, prison officials have the authority to inspect and regulate outgoing prisoner mail concerning escape plans, criminal activity, encoded messages, and contraband. *Thornburgh*, 490 U.S. at 411-12; *Procunier*, 416 U.S. at 413; *Bradford*, 2008 WL 724132, at * 3.

A prisoner's legal mail is afforded heightened protection because of the potential for unnecessarily interfering with the prisoner's First Amendment right of access to the courts. *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003); *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996).

### B. **Plaintiff Lacks Standing**

The Court concludes that plaintiff King lacks standing to bring this First Amendment claim under 42 U.S.C. § 1983. The mail that plaintiff King attempted to send was not his

own legal mail, but rather that of another prisoner, Leon Percival. The envelope that plaintiff King gave to defendant Gerth for mailing did not contain any of the plaintiff's legal mail.

One of the prudential requirements of standing under Article III of the United States Constitution is that a plaintiff is required to assert his own personal legal rights and interests, and he ordinarily cannot rest a claim on the legal rights and interests of third persons. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Valley Forge Christian College v. Americans United for Separation of Church and State, Inc*., 454 U.S. 464, 474 (1982); *Coal Operators and Associates, Inc. v. Babbitt,* 291 F.3d 912, 916-17 (6th Cir. 2002); *Norton v. Ashcroft*, 298 F.3d 547, 555 (6th Cir. 2002); *International Union v. Dana Corp*., 278 F.3d 548, 559 (6th Cir. 2002); *Allstate Ins. Co. v. Thrifty Rent-A-Car Systems*, 249 F.3d 450, 457 (6th Cir. 2001); *Coyne v. American Tobacco Co*., 183 F.3d 488, 494 (6th Cir. 1999); and *Access Now*, 2003 WL 24108192, \*\* 10-11 (E.D. Tenn. June 10, 2003). Plaintiff King lacks standing to maintain a suit under 42 U.S.C. § 1983 to vindicate the First Amendment right of another prisoner, Leon Percival, to send legal mail.

To avoid this general rule, plaintiff King must show that: (1) he has suffered a concrete, redressable injury; (2) he has a close relation with the third party, prisoner Leon Percival; and (3) there exists some hindrance to third party Leon Percival's ability to protect his own interests. *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 629 (1991); *Norton*, 298 F.3d at 555; *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 289 n. 6 (6th Cir. 1998). Plaintiff King has not presented any probative evidence at trial showing that plaintiff King has himself suffered a concrete, redressable injury; that the plaintiff has a close

relationship with prisoner Leon Percival; and that there exists some hindrance to third party Leon Percival's ability to take legal action to protect his legal interests.

Plaintiff King seeks to show that he has standing by alleging that the envelope contained a letter written by him. This contention fails because the Court finds that the envelope did not contain a letter written by plaintiff King or any other legal mail belonging to the plaintiff. Accordingly, plaintiff King's First Amendment claim must be dismissed on the ground of lack of standing.

### C. MDOC Regulations As Applied Did Not Violate First Amendment

Even if we assume *arguendo* that part of the mail in the envelope had consisted of a letter written by plaintiff King (which it did not), and further assume that this would give him standing to bring this suit, there is an alternative reason why the plaintiff's First Amendment claim must be dismissed.

The actions taken by defendant Gerth to open and inspect the envelope pursuant to the applicable MDOC regulations amount to a reasonable restriction on the plaintiff's First Amendment right to send mail. Plaintiff King was not prevented by defendant Gerth from mailing his own legal documents. Rather, the plaintiff was only prevented from possessing and mailing out another prisoner's documents. It is undisputed that defendant Gerth only confiscated the letter and materials belonging to prisoner Leon Percival. This is a reasonable restriction on the right of plaintiff King to send mail and does not violate his rights under the First Amendment.

Outgoing prisoner mail may be regulated and inspected if the MDOC regulations further a substantial governmental interest unrelated to the suppression of freedom of

expression, and extend no further than necessary or essential to achieving that particular governmental interest. *Thornburgh*, 490 U.S. at 407-14; *Procunier*, 416 U.S. at 412-13; *Martucci*, 944 F.2d at 295-96. The MDOC regulations, as applied to the facts and circumstances in this case, meet this standard of reasonable regulation of outgoing prisoner mail. The MDOC regulations and policies, as applied and enforced here by defendant Gerth, further substantial governmental interests of MDOC that are unrelated to the suppression of freedom of expression, and they extend no further than necessary or essential to achieving those governmental interests.

MDOC policy directive 05.03.118(L) provides that an indigent prisoner requesting a postage loan to send his legal mail may be required to present the legal mail unsealed to MDOC staff for the purpose of verifying that it qualifies for the postage loan. The State of Michigan and MDOC have a substantial governmental interest in inspecting outgoing prisoner legal mail to prevent indigent prisoners like plaintiff King from abusing their privilege of sending legal mail using loaned postage, and to prevent some prisoners from arranging for other prisoners to misuse their indigent postage allotments. MDOC has a legitimate and substantial governmental interest in making certain that indigent prisoners who are loaned postage out of the special prisoner benefit fund for the purpose sending their legal mail are in fact sending only their legal mail and not something else. If indigent prisoners are allowed to abuse the postage loan system and send out letters containing mere personal correspondence or non-legal mail, it would have the deleterious effect of depleting the postage loan fund and reduce the funds available to assist other indigent prisoners in sending out necessary, important legal mail.

Moreover, during the trial the defendant's counsel explained that the MDOC

regulations are designed to prevent the indigent postage loan program from being misused and abused by prisoners as a tool to create a trade or barter system within the prison. If prisoners are allowed to do favors for each other by trading and bartering loaned postage privileges, it could lead to disagreements, pressure, duress, threats, and violence between prisoners. This is a matter of genuine concern that could adversely impact internal prison discipline and security.

This Court is guided in part by *Johnson v. Fout*, 173 F.3d 429 (Table, text at 1999 WL 96723 (6th Cir. Feb. 4, 1999), which involved an Ohio state prisoner who claimed that Ohio prison officials violated his First Amendment right to receive incoming mail from his inmate brother. There were two packages sent to Johnson containing his inmate brother's legal materials. The Ohio prison officials returned the packages to sender and would not allow the mail to be delivered to Johnson because the Ohio prison system had a policy prohibiting one prisoner from possessing the legal materials of another prisoner.

In *Johnson*, the Sixth Circuit utilized the factors in *Turner*, 482 U.S. 78, that apply to cases where there is regulation of incoming prisoner mail. The defendants in *Johnson* presented evidence in support of a summary judgment motion showing that the Ohio policy was reasonably related to legitimate penological interests. The proof established that although Ohio prisoners are forbidden from charging other prisoners for legal services, an underground practice of charging other prisoners for legal services existed. Ohio prisoners were also known to have retained possession of other prisoners' legal materials until payment was made. Such transactions can result in disagreements and violence between prisoners. The Sixth Circuit determined that the Ohio prison policy was reasonably related to legitimate penological interests. *Johnson*, 1999 WL 96723.

*Johnson* is analogous to the present case in that MDOC Policy Directive 04.07.112(M) provides that MDOC prisoners are not permitted to possess another prisoner's legal materials unless there is a valid agreement for legal assistance between them. Based on the analysis in *Johnson*, this Court likewise concludes that MDOC Policy Directive 04.07.112(M) furthers an important or substantial governmental interest by prohibiting plaintiff King from possessing the legal materials of prisoner Leon Percival without there being a valid agreement for legal assistance between them. MDOC Policy Directive 04.07.112(M) is designed to maintain internal prison discipline by preventing disagreements, pressure, duress, threats, and violence between prisoners.

In sum, the plaintiff's First Amendment right to send legal mail was not violated when defendant Gerth opened and inspected the contents of the unsealed envelope. Plaintiff King does not have a First Amendment right to send the legal mail of another prisoner. It was objectively reasonable for defendant Gerth to open and inspect the contents of the envelope pursuant to MDOC Policy Directive 05.03.118(L) to determine whether it contained the plaintiff's legal materials and qualified for a postage loan to an indigent prisoner. Defendant properly exercised her authority to inspect the outgoing envelope to verify that plaintiff King was using the loaned postage to send only his legal mail.

Once the defendant inspected and examined the contents of the envelope, the defendant was authorized by MDOC regulations to confiscate the letter and legal materials belonging to another prisoner, Leon Percival, which plaintiff King had no right to possess and mail. Defendant Gerth at all times complied with and acted in accordance with the applicable MDOC regulations and policy directives. The MDOC regulations and policy

11

directives further substantial governmental interests unrelated to the suppression of freedom of expression, and extend no further than necessary or essential to achieving these governmental interests.  *Thornburgh*, 490 U.S. at 407-14; *Procunier*, 416 U.S. at 412-13; *Martucci*, 944 F.2d at 295-96.

### III.    Conclusion

For these reasons, a separate judgment will be entered in favor of defendant Gerth. This action will be dismissed with prejudice with costs to be assessed against plaintiff Timothy King.

Dated: October 29, 2008.


                              */s/ R. Allan Edgar*
                              R. ALLAN EDGAR
                    UNITED STATES DISTRICT JUDGE